Filed 6/2/22  In re H.I. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

# DIVISION ONE

# STATE OF CALIFORNIA

| | |
|---|---|
| In re H.I., a Person Coming Under the Juvenile Court Law. | D080099 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, v. E.S. et al., | (Super. Ct. No.  J520911) |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of San Diego County, Browder A. Willis III, Judge.  Conditionally reversed and remanded with directions.

Richard L. Knight under appointment by the Court of Appeal, for Defendant and Appellant E.S.

Sarah Vaona under appointment by the Court of Appeal, for Defendant and Appellant H.I.

1

Lonnie J. Eldridge, County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, and Dana Shoffner, Deputy County Counsel, for Plaintiff and Respondent.

INTRODUCTION

E.S. (Mother) and H.I. Sr. (Father) appeal from the juvenile court's jurisdictional and dispositional orders adjudicating their child, H.I., a dependent under Welfare and Institutions Code section 300, subdivision (b), and removing him from their custody.[1] They contend the San Diego County Health and Human Services Agency (Agency) did not comply with its inquiry duties under the federal Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and section 224.2. The Agency concedes it did not comply with its inquiry duties under ICWA and section 224.2, and agrees, the juvenile court erred in finding ICWA did not apply. On the record before us, we agree with the Agency's concession. The parties have submitted a joint stipulation for issuance of an immediate remittitur pursuant to California Rules of Court, rule 8.272(c)(1).[2] We will reverse the jurisdictional and dispositional orders and remand the matter with directions for the limited purpose of compliance with ICWA and section 224.2.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Further rule references are to the California Rules of Court.

FACTUAL AND PROCEDURAL BACKGROUND[3]

In October 2021, the Agency received a referral reporting a domestic violence incident between the parents. The social worker conducted an in-person interview with the parents and both denied any Native American ancestry. In November 2021, the Agency filed a dependency petition on behalf of H.I. At the detention hearing, Mother's counsel informed the juvenile court that Mother filled out an ICWA-020 form indicating she may have Cherokee ancestry out of Texas. But when questioned by the court, Mother denied Native American ancestry. The maternal grandmother, who appeared at the detention hearing telephonically, also denied any Native American ancestry. Father's counsel represented that Father "has no Native American ancestry as far as he knows." Father's counsel stated that Father has two sisters and a brother who are local and should be considered for placement. At the end of the hearing, the juvenile court concluded that ICWA did not apply. The Agency did not conduct any further inquiry into the matter.

At the March 2022 jurisdiction and disposition hearing, the juvenile court found the allegations in the dependency petition to be true, took jurisdiction, removed H.I. from the physical custody of his parents, and placed him in a licensed foster home. The parents timely appealed.

DISCUSSION

An " 'Indian child' " is "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an

---

[3] Because the parents' challenge on appeal is limited to ICWA compliance, we limit our recitation of the facts and procedural history to those necessary to determine that issue.

Indian tribe." (25 U.S.C. § 1903(4); see § 224.1, subd. (a) [adopting federal definition of " 'Indian child' "].) ICWA provides: "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe" of the pending proceedings and their right to intervene. (25 U.S.C. § 1912(a); *In re Isaiah W.* (2016) 1 Cal.5th 1, 8.) California law also requires such notice. (§ 224.3, subd. (a) ["If the court [or] a social worker . . . knows or has reason to know . . . that an Indian child is involved, notice pursuant to [ICWA] shall be provided for hearings that may culminate in an order for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement[.]"].)

Effective January 1, 2019, sections 224.2 and 224.3 were enacted, setting forth California's current ICWA inquiry and notice requirements for juvenile dependency cases. (Stats. 2018, ch. 833, §§ 5, 7.) In dependency proceedings, the juvenile court and Agency have an "affirmative and continuing duty to inquire" whether a child "is or may be an Indian child." (§ 224.2, subd. (a).) "This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*In re D.F.* (2020) 55 Cal.App.5th 558, 566.)

The Agency's initial duty of inquiry includes "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the

4

parents, or Indian custodian is domiciled." (§ 224.2, subd. (b).)[4] If the initial inquiry reveals a reason to believe the child is an Indian child, then further inquiry into whether there is a reason to know the child is an Indian child is required. (*In re D.F.*, *supra*, 55 Cal.App.5th at pp. 566–567.) If there is reason to know that a child is an Indian child (§ 224.2, subd. (d)), then notice must be sent to the pertinent tribe to allow the tribe to make a determination regarding the child's tribal membership. (*In re D.F.*, at pp. 567–568.)

We review a juvenile court's findings that the Agency has made reasonable inquiries regarding a child's possible Indian ancestry under ICWA and that the Agency has complied with ICWA's notice requirements, or that no such notice is required, for substantial evidence. (*In re Charlotte V.* (2016) 6 Cal.App.5th 51, 57.) Here, the Agency concedes substantial evidence does not support the juvenile court's finding that it complied with its ICWA inquiry obligations under section 224.2. The Agency's concession is proper.

As the Agency acknowledges, the initial ICWA inquiry was deficient. Although the maternal grandmother denied any Native American ancestry at the detention hearing, the Agency was still statutorily obligated to ask her about any Native American ancestry. (§ 224.2, subd. (b).) This includes asking for the names and contact information for any other extended maternal family members. An Agency social worker spoke to the maternal grandmother on three separate occasions but the record does not show that the social worker inquired about Native American ancestry. Additionally, the

---

4    ICWA defines " 'extended family member' " by "the law or custom of the Indian child's tribe" or, absent such law or custom, as "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); § 224.1, subd. (c) [" 'extended family member' . . . defined as provided in [§] 1903" of ICWA].)

Agency never asked Mother and the maternal grandmother about any possible Native American ancestry in Mother's paternal lineage.

As to Father, there is nothing in the record suggesting the Agency attempted to contact any extended family members in Father's maternal or paternal lineages to inquire about possible Native American ancestry. Father's counsel represented that Father had two sisters and a brother in the area. The jurisdiction and disposition report contained local phone numbers for Father's two brothers, but there is no documentation that the Agency attempted to contact these individuals.

The fact the parents denied any Native American heritage at the beginning of the proceeding does not relieve the Agency of its "broad duty" to inquire of readily ascertainable extended family members whether H.I. is an Indian child. (*In re Y.W.* (2021) 70 Cal.App.5th 542, 554.) A contrary rule would "ignore[ ] the reality that parents may not know their possible relationship with or connection to an Indian tribe." (*Ibid.*; *In re S.R.* (2021) 64 Cal.App.5th 303, 314 ["the children's parents apparently had no idea of their family's connection to the . . . tribe . . . , even though the children's great-grandmother was a member"].)[5] Where, as here, there is an inadequate initial inquiry, under ICWA and related California law, "the error is in most circumstances . . . prejudicial and reversible." (*In re Antonio R.* (2022) 76 Cal.App.5th 421, 435.)

---

[5] We also note the ICWA-020 form that Mother filled out is not in the record and it appears the juvenile court never ordered Father to complete the form. (Rule 5.481(a)(2)(C).) Finally, before the juvenile court can find that ICWA does not apply it must make a finding that "due diligence as required in this section have been conducted." (§ 224.2, subd. (i)(2).) The record does not show that the juvenile court made this finding.

Because substantial evidence does not support the juvenile court's finding that ICWA did not apply, we conditionally reverse the jurisdictional and dispositional orders with a limited remand for the Agency and the juvenile court to comply with ICWA and section 224.2.[6]

DISPOSITION

The jurisdictional and dispositional orders are conditionally reversed and the matter is remanded to the juvenile court with directions that within 30 days of the remittitur the Agency must file a report demonstrating its compliance with the inquiry provisions of ICWA and section 224.2, subdivision (b), and, if required, conduct further inquiry under section 224.2, subdivision (e).  Within 45 days of the remittitur, the juvenile court must conduct a hearing to determine if the Agency's investigation satisfied its affirmative duty to investigate.  The juvenile court has the discretion to adjust these time periods on a showing of good cause.

If neither the Agency nor the juvenile court has reason to believe or to know that H.I. is an Indian child, the jurisdictional and dispositional orders shall be reinstated.  Alternatively, if after completing the inquiry the Agency

---

[6]   Before reversing or vacating a judgment based upon a stipulation of the parties, an appellate court must find "both of the following:  [¶]  (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal.  [¶]  (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."  (Code Civ. Proc., § 28, subd. (a)(8).)  The present case involves reversible error because the parties agree, and we concur, that the Agency failed to comply with ICWA and related California provisions.  Because this case would be subject to reversal to permit compliance with ICWA and corresponding California statutes and rules absent the parties' stipulation, a stipulated remand advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8).  (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

7

or the juvenile court has reason to believe or to know that H.I. is an Indian child, the court shall proceed accordingly.  The remittitur shall issue immediately.  (Rule 8.272(c)(1).)

DO, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.